66 F.3d 339
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Sidney Louis STEPHENS, Plaintiff-Appellant,
v.
DEPT. OF CORRECTIONS, Colorado; Donna Lohnes, Time/Release
Manager; Christine Moschetti, Time Computations Department;
Maryann Hardin, Time Computations Department; Anthony
Young, Dr., Colorado State Board of Parole; Leo N. Jenkins,
Dr., Colorado State Board of Parole; Gale Norton, Attorney
General of the State of Colorado, Defendants-Appellees.
 No. 95-1200.
 United States Court of Appeals, Tenth Circuit.
 Sept. 12, 1995.
 
 Before TACHA, LOGAN and KELLY, Circuit Judges.
 
 ORDER AND JUDGMENT[1]
 
 1
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed. R.App. P. 34(a); 10th Cir. R. 34.1.9. The case is therefore ordered submitted without oral argument.
 
 
 2
 Pro se plaintiff Sidney Louis Stephens appeals dismissal of his 42 U.S.C.1983 complaint in which he alleged that under Colorado law he is entitled to release on mandatory parole, and that defendants have violated his Fifth, Fourteenth, and Eighth Amendment rights in refusing to release him. Plaintiff relies on the Colorado statute requiring that inmates be released on parole when the amount of time served, plus vested good time and earned time credits, equal the sentence imposed. Colo.Rev.Stat. 17-22.5-303(2).
 
 
 3
 The magistrate judge recommended that the complaint be dismissed, noting that plaintiff is not entitled to the benefit of the mandatory parole provision because he is subject to the habitual criminal exception to that law. See Colo.Rev.Stat. 17-2-201(5)(a) and 16-13-101; see also Thiret v. Kautzky, 792 P.2d 801 (Colo.1990). Plaintiff previously had filed a habeas corpus action asserting essentially the same allegations. Relief was denied in the habeas case and plaintiff did not appeal. The district court in the instant case determined that because the issue of the legality of plaintiff's detention was fully litigated and decided against plaintiff in the habeas case, plaintiff is estopped from relitigating it here. Both the magistrate judge and the district court are correct. Thus the 1983 complaint is frivolous.
 
 
 4
 AFFIRMED.
 
 
 5
 The mandate shall issue forthwith.
 
 
 
 [1]
 This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of the court's General Order filed November 29, 1993. 151 F.R.D. 470